UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINE HINES, as Personal
Representative of the Estate of David
W. Hines, deceased,

    Plaintiff,

v.                                       Case No. 3:13-cv-1065-J-32MCR

ARGUS INTERNATIONAL, INC.,

    Defendant.

## ORDER

This case arises out of a charter helicopter crash that occurred in the early morning of December 26, 2011, near Green Cove Springs, Florida, and that took the lives of all onboard, including passenger David W. Hines. In a five-count complaint containing claims for negligence, negligent misrepresentation, and three varieties of fraud, Plaintiff Christine Hines alleges that her husband, part of the organ transplant team at Mayo Clinic in Jacksonville, Florida, would never have been in the helicopter that day if Defendant ARGUS International, Inc., a charter air services rating company, had told Mayo Clinic the truth about the poor safety record and precarious financial condition of the helicopter charter service, SK Jets, Inc. (Compl., Doc. 1.)

ARGUS has moved to dismiss her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, Doc. 9.) According to ARGUS, Hines has not adequately pleaded, and cannot adequately plead, that anything ARGUS did or failed to do proximately caused the crash. ARGUS also argues that Hines has not pleaded

her misrepresentation claims with sufficient particularity under Federal Rule of Civil Procedure 9(b) because they contain no allegations regarding if, when, and how ARGUS's alleged misrepresentations reached and misled the decedent.

Hines responds that the Court must infer from the allegations in her complaint that Mayo Clinic would not have chosen SK as its charter service had ARGUS told the truth. (Resp., Doc. 14.) Moreover, Hines believes that, under Florida law, ARGUS can be liable to the decedent's estate for its misrepresentations because the decedent was among those whom ARGUS should have expected to be imperiled by its misrepresentations. Finally, Hines contends she has alleged enough detail regarding the misrepresentations to satisfy Rule 9(b).

On April 29, 2014, the Court held a hearing on the motion to dismiss, the record of which is incorporated herein. (Minute Entry, Doc. 25.) At the hearing, both parties seemed to recognize the relative novelty of the claims presented in this case. According to counsel for ARGUS, his client has never been faced with claims like these before. Similarly, counsel for Hines has been unable to identify a case quite like this, though he believes the case to have a basis in Florida law.

The Court's own research has done little better in identifying authority on point. There is some authority that, while presently distinguishable, could be read to allow for the kinds of claims Hines pursues here. See, e.g., Hill v. Celebrity Cruises, Inc., No. 09-23815-CIV, 2011 WL 9379007 (S.D. Fla. 2011) (citing Restatement (Second) of Torts § 311); also Abrisch v. United States, 359 F. Supp. 2d 1214 (M.D. Fla. 2004) (citing Worthington v. United States, 21 F.3d 299 (11th Cir. 1994)). But rather than

make a conclusive determination at this stage, the Court determines that the validity of Hines's claims would be best decided upon a full record.  A full record will allow the Court to more confidently make a determination whether to allow Hines to go forward or to conclude that ARGUS was correct to characterize Hines's theory of a liability as unfounded and speculative.  The Court thus declines to dismiss Hines's complaint with prejudice, but fully expects to face these issues again at the summary judgment stage.

Before proceeding further, however, Hines does need to replead her complaint. Counsel for Hines acknowledged at the hearing that some of her causes of action may overlap.  In fact, the elements of "Fraud" and "Fraudulent Misrepresentation," Counts III and IV of the complaint, seem to overlap completely under Florida law. Compare Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010) (fraudulent misrepresentation); with Lance v. Wade, 457 So. 2d 1008, 1011 (Fla. 1984) (fraud). "Fraud in the Inducement," Count V, may be somewhat distinct from ordinary fraud, but it is not evident how it fits with this wrongful death case.  Similarly, it is not clear from the complaint what negligent acts or omissions other than the alleged misrepresentations and concealment would support the "Negligence" cause of action in Count I as distinct from the "Negligent Misrepresentation" cause of action in Count II. (Compare Doc. 1, ¶¶ 49-54 with ¶¶ 55-61.)  Further, Hines variously alleges that ARGUS made affirmative misrepresentations and fraudulently concealed information (see, e.g., id., ¶¶ 26, 62, 68), but does not plead a distinct count for fraudulent concealment, a separate cause of action that appears to require the added element

3

that "the party omitting the information owes a duty of disclosure to the party receiving the information," Behrman v. Allstate Ins. Co., 388 F. Supp. 2d 1346, 1351 (S.D. Fla. 2005) (citing TransPetrol Ltd. v. Radulovic, 764 So. 2d 878, 880 (Fla. 4th DCA 2000)).

Finally, the complaint lacks certain details regarding the alleged misrepresentations and omissions, specifically who at ARGUS allegedly spoke with who at Mayo Clinic. Hines has this information, since she provides it in her response. (Doc. 14 at 15.) She should include it in her amended complaint, as well. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010). ("[P]ursuant to Rule 9(b), a plaintiff must allege . . . the time, place, and person responsible for the statement [and] the content and manner in which these statements misled the Plaintiffs . . . ." (quotations omitted)).

For these reasons, the Court determines that the motion to dismiss should be granted without prejudice. In requiring repleader, the Court is not dictating to plaintiff which causes of action she should pursue. The Court is merely directing plaintiff to revisit the complaint and ensure that her claims meet the elements required under Florida law. Accordingly, it is hereby

**ORDERED**:

1.  Defendant ARGUS International, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 9) is **GRANTED without prejudice**.

2.  On or before **June 13, 2014**, Hines shall file any amended complaint in conformity with this Order.

4

3. On or before **July 8, 2014**, Defendant shall file any responsive pleading to the amended complaint.

4. Contemporaneous with this Order, the Court will enter a separate Case Management and Scheduling Order.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of May, 2014.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record