**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHRISTINE HINES, as Personal
Representative of the Estate of David
W. Hines, deceased,

      Plaintiff,

v.                                                        Case No. 3:13-cv-1065-J-32MCR

ARGUS INTERNATIONAL, INC.,

      Defendant.

_____

## <u>ORDER</u>

This case involving a fatal charter helicopter crash is before the Court on ARGUS International, Inc.'s motion to dismiss Count I of the Second Amended Complaint (Doc. 37).  Plaintiff Christine Hines, as Personal Representative of the Estate of David W. Hines, deceased, has responded.   (Doc. 40).

The Court earlier granted without prejudice ARGUS's motion to dismiss the original, five-count complaint against it that had alleged claims for negligence, negligent misrepresentation, and three varieties of fraud.  (Doc. 30.)  The Court elected to resolve the larger issue of ARGUS's liability to Hines at summary judgment or trial, but directed Hines to revisit and replead her causes of action.   (<u>Id.</u> at 3-4.) Among other things, the Court noted that "it is not clear from the complaint what negligent acts or omissions other than the alleged misrepresentations and concealment would support the 'Negligence' cause of action in Count I as distinct from the 'Negligent Misrepresentation' cause of action in Count II."   (<u>Id.</u> at 3.)

ARGUS moved to dismiss Hines's first attempt to address this issue in her Amended Complaint (Doc. 33), but then agreed to let Hines amend her complaint again (Doc. 37 at 4; <u>see</u> Doc. 35.)   Count I of the Second Amended Complaint is Hines's most recent stab at clarity, essentially merging all of her negligence allegations into one count in entitled "COUNT I – ARGUS' Negligence."  (Doc. 35 at 13-17.)   This count runs through a list of duties ARGUS supposedly owed to the decedent but violated by not fully evaluating SK Jets and by then misrepresenting SK Jets' safety history.  (<u>Id.</u>)

According to ARGUS, Count I only causes further confusion.   (Doc.   37 at 2.) ARGUS reads the merger of negligence allegations to be either an abandonment of Hines's negligent misrepresentation claim or an attempt to sneak it in the side door. (<u>Id.</u> at 2, 7.)   ARGUS argues that, to the extent Hines pleads only a traditional negligence claim, ARGUS owed no duty to the decedent.   (<u>Id.</u> at 4-7.)   ARGUS believes that, since the allegations more closely fit a negligent misrepresentation claim, Count I for "ARGUS' Negligence" should be dismissed.   (<u>Id.</u> at 7-8.)

Hines responds that she has not abandoned either her negligent or negligent misrepresentation claims.   (Doc. 40 at 6.)   Instead, she claims that ARGUS was negligent in "both its acquisition and dissemination of information to Mayo Clinic about SK's safety" and owed the decedent a duty under Sections 311 and 324A of the Restatement (Second) of Torts.   (<u>Id.</u> at 1-2.)   So she should be allowed to maintain Count I encompassing both theories.

The Court could perhaps have been clearer in its earlier order when it addressed

Hines's negligence claims.   Again, the viability of her claims (including questions of duty and causation) will be decided after development of a full record.   (Doc. 30 at 2-3.)   But the Court was unsure at the time how the traditional negligence claim alleged in her original complaint was distinct from the negligent misrepresentation claim in the complaint since both claims alleged the same operative conduct, namely misrepresentations and concealment.   (Id. at 3.)   So the Court directed Hines to replead her complaint, including her negligence claims.   (Id. at 4.)

A mashup of the claims into one count labeled "ARGUS' Negligence" was not what the Court had in mind.   For one thing, as ARGUS correctly notes, the Eleventh Circuit does not permit plaintiffs to plead multiple claims for relief in one count.   (Doc. 33 at 3-4 (citing Anderson v. Dist. Bd. of Trs., 77 F.3d 364, 366 (11th Cir. 1996); Green v. C.B. Fleet Holding Co., No. 07-80589-CIV, 2008 WL 113668, at *2 (S.D. Fla. Jan. 8, 2008)).)   For another, merging the two claims moves further away from establishing two distinct causes of action.   Hines apparently finds a distinction between ARGUS's allegedly negligent acquisition of information and its negligent dissemination of information.   (Doc. 40 at 1, 6.)   But as it stands, the causal connection identified in Count I of the Second Amended Complaint remains the alleged misrepresentations. (See Doc. 35, ¶¶ 53, 56, 58-61.)

While the Court is uncertain whether Hines can allege a negligence claim which is distinct from her negligent misrepresentation claim, the Court will give her one more chance to try.   If she intends to pursue both a negligence claim and a negligent misrepresentation claim, she needs to plead them separately and in a way that

3

supports each distinct cause of action.

Accordingly, it is hereby

**ORDERED**:

1.     ARGUS International, Inc.'s Motion to Dismiss Count I – Negligence of Plaintiff's Second Amended Complaint (Doc. 37) is **GRANTED**.

2.     On or before **September 25, 2014**, Hines shall file a third amended complaint in conformity with this Order.

3.     On or before **October 15, 2014**, ARGUS shall file any responsive pleading to the third amended complaint.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of September, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record